## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Case No. 1:23-cv-00514

GARY A. FENTON,  and
ANGELA K. FENTON,
husband and wife,

            Plaintiffs,

v.

UNION PACIFIC RAILROAD COMPANY, a Delaware corporation, PROFESSIONAL
TRANSPORTATION, INC., an Indiana corporation, MICHAEL JEEP, an individual, and
JESUS RUIZ MURILLO, an individual,

            Defendants.

---

## COMPLAINT – JURY TRIAL DEMANDED
---

COMES NOW Plaintiffs, Gary A. Fenton, and Angela K. Fenton, by and through their

attorneys, Rossi Vucinovich, P.C., and for their causes of action against the Defendants, state and

allege as follows:

### JURISDICTION AND VENUE

1.　　At all times herein mentioned, Plaintiff Gary A. Fenton and Plaintiff Angela K.

Fenton were and are husband and wife and were and are residents of the State of Colorado.

2.　　At all times herein mentioned, Defendant Union Pacific Railroad Company

("Defendant UP"), was and is a corporation duly organized and existing under the laws of the State

of Delaware and was operating a system of railroad tracks in the State of Colorado and other states,

and that said system included lines of track in the district where this action is filed.

1

3.      At all times herein mentioned, UP was an interstate carrier by rail and was engaged in the business of interstate commerce in and throughout the several states of the United States as a common carrier by railroad, and all or part of Plaintiff Gary A. Fenton's duties as an employee of UP were in furtherance of interstate and closely, directly, and substantially affected the same.

4.      At all times herein mentioned, Plaintiff Gary A. Fenton was employed by the defendant as a locomotive engineer and was engaged in the performance of his duties as such at the date and time hereinafter alleged.

5.      The original jurisdiction of this Court, and the rights and liabilities of Plaintiff Gary A. Fenton and UP are governed by the Act of Congress known as the Federal Employers' Liability Act, 45 U.S.C. §§ 51-60 ("FELA"), and this action is timely commenced within the meaning of 45 U.S.C. § 56.

6.      At all times herein mentioned, Defendant Professional Transportation, Inc. ("Defendant PTI"), was a foreign corporation, duly organized and existing under the laws of the State of Indiana, with its principal place of business in Indiana, and authorized to do business in the State of Colorado and other states and was operating a business providing services for the transportation of rail crews within the district where the action is filed.

7.      Upon information and belief, at all times herein mentioned, PTI was providing transportation services for UP and was transporting UP employees by automobile, including Plaintiff Gary A. Fenton, at the request of and on behalf of UP, and was acting as an agent and/or employee of UP within the meaning of 45 U.S.C. §§ 51 - 60.

8.      At all times herein mentioned, upon information and belief, Defendant Michael Jeep ("Defendant Jeep"), was a resident of the State of Colorado and an employee of PTI and was

acting within the course and scope of his employment with PTI at the time of the incident complained of herein.

9.     At all times herein mentioned, Defendant Jesus Ruiz Murillo ("Defendant Murillo"), was a resident of the State of Colorado.

10.     The jurisdiction of this Court over Defendants PTI, Jeep, and Murillo arises by virtue of the provisions of 28 U.S.C. § 1367, as the claims against Defendants PTI, Jeep, and Murillo derive from a common nucleus of operative fact and involve the same facts, circumstances, witnesses, and evidence, and as such are so related to the claim under the FELA over which this Court has original jurisdiction that they form part of the same case or controversy.

11.     Due to the serious nature of the injuries sustained by Plaintiff Gary A. Fenton, each claim in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00.

12.     The incident which forms the basis of the matter complained herein involves a three-vehicle automobile collision that occurred in the County of Routt, State of Colorado, and therefore venue is proper pursuant to 28 U.S.C § 1391.

## GENERAL ALLEGATIONS

13.     Plaintiff incorporates by reference, as though fully set forth herein, all allegations contained in Paragraphs 1 through 12 above.

14.     Plaintiff's claims in this matter arise out of an automobile collision that occurred on December 29, 2021, at approximately 7:30 p.m., on County Road 27, near Milepoint 1.9, in the County of Routt, State of Colorado.

15.    At said time and place, Defendant Jeep was acting within the course and scope of his employment with Defendant PTI and was operating a motor vehicle southbound on County Road 27, transporting a UP crew, which included Plaintiff.

16.    At said time and place, Plaintiff was a passenger in the vehicle being driven by Defendant Jeep, seated in the rear seat of the vehicle.

17.    At said time and place, the vehicle being operated by Defendant Jeep came upon a motor vehicle that was stuck and stranded in a snowbank partially off the South shoulder of County Road 27 near the exit of a left-hand curve in County Road 27.

18.    At said time and place, Defendant Jeep stopped his vehicle near the central portion of County Road 27, next to the vehicle stranded in a snowbank.

19.    At said time and place, Defendant Murillo was operating a motor vehicle southbound on County Road 27, and as he exited the left-hand curve his vehicle collided with the rear of Defendant Jeep's vehicle in which Plaintiff was a passenger.

20.    That the vehicle collision set forth hereinabove was a direct and proximate result of the negligent and careless acts of the Defendants, and each of them.

21.    That as a result of the negligent and careless acts of the Defendants, and each of them, resulting in said vehicle collision, Plaintiff was caused to suffer injury and damage as set forth hereinbelow.

### FIRST CLAIM FOR RELIEF
### PLAINTIFF GARY A. FENTION AGAINST DEFENDANT
### NEGLIGENCE – FEDERAL EMPLOYERS' LIABILITY ACT

22.    Plaintiff incorporates by reference, as though fully set forth herein, all allegations contained in Paragraphs 1 through 21 above.

23.     At the time of the collision, Defendant PTI, and its driver, Defendant Jeep, were performing an operational activity as an agent of Defendant UP while transporting Plaintiff and other members of his crew as part of their job and in furtherance of Defendant UP's business of interstate commerce. All negligence of Defendant PTI, and its driver, Defendant Jeep, in the operation of the vehicle that Defendant UP required Plaintiff to be transported in, is therefore imputed to Defendant UP.

24.     That the December 29, 2021, injuries sustained by Plaintiff and the resulting damages came about as a direct result, in whole or in part, of the negligence of Defendant UP, its agents, employees, and officers, including Defendant PTI and Defendant Jeep, to wit:

a.      negligently failing to provide Plaintiff with a reasonably safe place to work as required by law;

b.      negligently failing to provide safe transportation to and from work sites because Plaintiff was required by Defendant UP to ride in the vehicle provided by and operated by Defendant PTI and Defendant Jeep;

c.      negligence through the actions and omissions of its agents and employees, including Defendant PTI and Defendant Jeep, whose actions and omissions are imputed to Defendant UP; and.

d.      other acts of negligence.

25.     Due, in whole or in part, to Defendant UP's negligence under the FELA, Plaintiff sustained severe and permanent injuries including, but not limited to, injuries to his head, neck, back, and spine with associated pain and symptoms, and to the bones, muscles, tissues, nerves, ligaments and internal parts thereof; and Plaintiff has suffered in the past, and will continue to

suffer physical and mental pain and anguish and loss of enjoyment of life, and that he was otherwise injured and disabled.

26.     To treat, heal, and relieve his injuries, Plaintiff has spent and will continue to spend, monies for medical and related care and treatment in amounts to be proven at trial.

27.     As a direct result, in whole or in part, of Defendant UP's negligence under the FELA, Plaintiff has lost wages and fringe benefits in the past and will continue to lose wages and fringe benefits in the future and will sustain a permanent diminution of earning capacity in amounts to be proven by the evidence at the trial of this matter.

WHEREFORE, Plaintiff prays judgment against Defendant UP in an amount sufficient to compensate him for his general damages together with such special damages as may hereinafter be ascertained and for his costs of suit incurred herein, including expert witness fees, interest on said damages from the date of judgment, and all other relief this Honorable Court deems just and proper.

### SECOND CAUSE OF ACTION
### PLAINTIFF GARY A. FENTION AGAINST DEFENDANT JEEP
### NEGLIGENCE

28.     Plaintiff incorporates by reference, as though fully set forth herein, all allegations contained in Paragraphs 1 through 27 above.

29.     On or about December 29, 2021, Defendant Jeep had a duty to exercise reasonable care and operate his vehicle in a safe and reasonable manner so as not to create an unreasonable risk of harm.

30.     At said time and place, Defendant Jeep breached that duty and negligently and carelessly operated his vehicle in, among other things:

a.     failing to control his vehicle and stop his vehicle in a safe and suitable location commensurate with the conditions then existing;

b.     failing to keep a proper lookout;

c.     failing to operate his vehicle in a reasonable safe manner commensurate with the conditions then existing;

d.     failing to obey federal, state, county, and/or local statutes, regulations, and ordinances applicable to the operation of his vehicle at the time and place alleged; and,

e.     other acts of negligence.

31.     As a direct and proximate result of the negligent and careless acts of Defendant Jeep, Plaintiff was caused to suffer the injuries and damages set forth hereinabove.

32.     Accordingly, Plaintiff makes the following claims for damages against Defendant Jeep:

(a) Any noneconomic losses or injuries which Plaintiff has had to the present time or which Plaintiff will probably have in the future, including physical and mental pain and suffering, inconvenience, emotional stress, and impairment of the quality of life;

(b) Any economic losses or injuries which Plaintiff has had to the present time or which Plaintiff will probably have in the future, including loss of earnings and fringe benefits and damage to his ability to earn money in the future; reasonable and necessary medical, hospital, and other expenses; loss of fringe benefits; diminution of retirement benefits; and costs associated with vocational rehabilitation; and

(c) Any physical impairment and/or disfigurement.

WHEREFORE, Plaintiff prays judgment against Defendant Jeep in an amount sufficient to compensate him for his general damages together with such special damages and physical impairment/disfigurement damages as may hereinafter be ascertained and for his costs of suit incurred herein, including expert witness fees, interest on said damages from the date of this incident, and all other relief this Honorable Court deems just and proper.

### THIRD CAUSE OF ACTION
### PLAINTIFF GARY A. FENTION AGAINST DEFENDANT PTI
### VICARIOUS LIABILITY – *RESPONDEAT SUPERIOR*

33.    Plaintiff incorporates by reference, as though fully set forth herein, all allegations contained in Paragraphs 1 through 32 above.

34.    On December 29, 2021, Defendant Jeep was an agent of and employed by Defendant PTI and acting within the course and scope of his agency and employment with Defendant PTI at the time of this incident.

35.    As a result, the negligent and careless acts and omissions of Defendant Jeep are imputed to Defendant PTI under the doctrine of *Respondeat Superior*, and Defendant PTI is therefore vicariously liable for the negligent acts and omissions of Defendant Jeep.

36.    As a result, Defendant PTI is liable for the injuries and damages sustained by Plaintiff as set forth hereinabove.

37.    Accordingly, Plaintiff makes the following claims for damages against Defendant PTI:

(a) Any noneconomic losses or injuries which Plaintiff has had to the present time or which Plaintiff will probably have in the future, including physical and mental pain and suffering, inconvenience, emotional stress, and impairment of the quality of life;

(b) Any economic losses or injuries which Plaintiff has had to the present time or which Plaintiff will probably have in the future, including loss of earnings and fringe benefits and damage to his ability to earn money in the future; reasonable and necessary medical, hospital, and other expenses; loss of fringe benefits; diminution of retirement benefits; and costs associated with vocational rehabilitation; and

(c) Any physical impairment and/or disfigurement.

WHEREFORE, Plaintiff prays judgment against Defendant PTI in an amount sufficient to compensate him for his general damages together with such special damages and physical impairment/disfigurement damages as may hereinafter be ascertained and for his costs of suit incurred herein, including expert witness fees, interest on said damages from the date of this incident, and all other relief this Honorable Court deems just and proper.

### FOURTH CAUSE OF ACTION
### PLAINTIFF GARY A. FENTION AGAINST DEFENDANT MURILLO
### NEGLIGENCE

38.     Plaintiff incorporates by reference, as though fully set forth herein, all allegations contained in Paragraphs 1 through 37 above.

39.     On or about December 29, 2021, Defendant Murillo had a duty to exercise reasonable care and operate his vehicle in a safe and reasonable so as not to create an unreasonable risk of harm.

40.     At said time and place, Defendant Murillo breached that duty and negligently and carelessly operated his vehicle in, among other things:

a.      failing to control his vehicle;

b.      failing to keep a proper lookout;

     c.      failing to operate his vehicle in a reasonably safe manner commensurate with the conditions then existing;

     d.      failing to operate his vehicle at a reasonably safe speed commensurate with the conditions then existing;

     d.      failing to obey federal, state, county, and/or local statutes, regulations, and ordinances applicable to the operation of his vehicle at the time and place alleged; and.

     e.      other acts of negligence.

41.    As a direct and proximate result of the negligent and careless acts of Defendant Murillo, Plaintiff was caused to suffer the injuries and damages set forth hereinabove.

42.    Accordingly, Plaintiff makes the following claims for damages against Defendant Murillo:

(a) Any noneconomic losses or injuries which Plaintiff has had to the present time or which Plaintiff will probably have in the future, including physical and mental pain and suffering, inconvenience, emotional stress, and impairment of the quality of life;

(b) Any economic losses or injuries which Plaintiff has had to the present time or which Plaintiff will probably have in the future, including loss of earnings and fringe benefits and damage to his ability to earn money in the future; reasonable and necessary medical, hospital, and other expenses; loss of fringe benefits; diminution of retirement benefits; and costs associated with vocational rehabilitation; and

(c) Any physical impairment and/or disfigurement.

WHEREFORE, Plaintiff prays judgment against Defendant Jeep in an amount sufficient to compensate him for his general damages together with such special damages and physical impairment/disfigurement damages as may hereinafter be ascertained and for his costs of suit incurred herein, including expert witness fees, interest on said damages from the date of this incident, and all other relief this Honorable Court deems just and proper.

### FIFTH CAUSE OF ACTION
### PLAINTIFF ANGELA K. FENTON AGAINST DEFENDANTS' JEEP, PTI, AND MURILLO
### LOSS OF CONSORTIUM

43.     Plaintiff Angela K. Fenton incorporates by reference, as though fully set forth herein, all allegations contained in Paragraphs 1 through 42 above.

44.     Plaintiffs Gary A. Fenton and Angela K. Fenton are husband and wife.

45.     Prior to his injuries Plaintiff Gary A. Fenton sustained because of the conduct of the Defendants Jeep, PTI, and Murillo, and each of them, as set forth above, Plaintiff Gary A. Fenton was in good health and fully capable of performing and actually did perform the usual services of a husband.

46.     As a direct and proximate result of negligent acts of the Defendants Jeep, PTI, and Murillo, and each of them, as set forth above, Plaintiff Angela K. Fenton has been and, in the future, will be deprived of the services and society and her spouse, Plaintiff Gary A. Fenton.

47.     Plaintiff Angela K. Fenton, because of the injuries sustained by her husband, Plaintiff Gary A. Fenton, makes the following claims for damages against Defendants Jeep, PTI, and Murillo, and each of them, for loss of consortium, which resulted from the injuries Plaintiff Gary A. Fenton sustained in this incident, both past and future.

**WHEREFORE**, Plaintiff Angela K. Fenton respectfully demands judgment be entered against Defendants Jeep, PTI, and Murillo, and each of them, for general and special damages in the amount established by the evidence, together with all costs of suit and disbursements, interest on said damages from the date of injury, and makes the following claims for damages any and all other relief this Court deems just and proper.

DATED: February 24, 2023

ROSSI VUCINOVICH PC

By: *s/ James K. Vucinovich*
James K. Vucinovich, CO Bar # 027866
Rossi Vucinovich PC
1000 Second Avenue, Suite 1420
Seattle, WA  98104
Phone: (425) 646-8003
Facsimile: (425) 646-8004
jvucinovich@rvflegal.com